UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
DR. OLIVER JOVANOVIC,                                 :
                                                      :
                    Plaintiff,                        :     04 CV 8437 (PAC)
                                                      :
        -against-                                     :
                                                      :     ORDER
THE CITY OF NEW YORK, DETECTIVE                       :
MILTON BONILLA, Shield No. 61,
Individually and in his official capacity,            :
New York County Assistant District
Attorney LINDA FAIRSTEIN, Individually                :
and in her official capacity,
                                                      :
                    Defendants.
                                                      :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants City of New York, Detective Milton Bonilla, and Assistant District Attorney Linda Fairstein, (collectively, "Defendants") move for reconsideration of the Court's order of August 17, 2006, which denied their motion for judgment on the pleadings for Plaintiff Oliver Jovanovic's claims of false arrest, malicious prosecution, malicious abuse of process, and denial of a fair trial. Defendants argue that the Supreme Court's decision in <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007), concerning the correct application of the statute of limitations for a §1983 false arrest claim, warrants reconsideration of the ruling. For the reasons discussed below, Defendants' motion is granted with respect to the false arrest claim, and denied in all other respects.

1

**SUMMARY OF FACTS**

The relevant facts are fully set forth in the Court's August 17, 2006 opinion, Jovanovic v. City of New York, No. 04 Civ. 8437 (PAC), 2006 WL 2411541 (S.D.N.Y. Aug. 17, 2006), and are briefly summarized here to the extent necessary for the Court's ruling.

In November 1996, Jovanovic was accused of a series of crimes, including rape and kidnapping, by a female college student. He was arrested on December 5, 1996, and arraigned on December 6, 1996. He was convicted on April 15, 1998. In December 1999, the Appellate Division of the New York State Supreme Court reversed his conviction on the basis of an erroneous evidentiary ruling.[1] Even after reversal, however, Jovanovic remained incarcerated because he was not eligible for bail under the kidnapping charge. The prosecutor made several plea offers to Jovanovic, each subsequent offer less severe than the last, and each of which Jovanovic refused, consistently maintaining his innocence. Finally, on November 1, 2001, the prosecution dismissed all charges against him. Jovanovic filed this action on October 28, 2004, alleging false arrest, malicious prosecution, malicious abuse of process, denial of a fair trial by fabrication of evidence, denial of a fair trial by extrajudicial statements, and various claims against the City of New York.

On August 17, 2006, the Court issued a ruling rejecting Defendants' arguments that Plaintiff's claims were time-barred under the statute of limitations. Six months later, on February 21, 2007, the Supreme Court decided Wallace v. Kato, which determined that a claim for false arrest accrues at the time an individual becomes held pursuant to legal process, not at the time that a conviction arising out of the arrest is reversed. Based on the

---

[1] The Appellate Division found that the trial court erred in excluding evidence and testimony offered by the defense, including email communications from the accuser.

Wallace decision, the Defendants moved for reconsideration of the August 17, 2006 decision, arguing again that Jovanovic's claims are time-barred.[2]

## DISCUSSION

**A. Wallace v. Kato & False Arrest**

A brief synopsis of Wallace v. Kato is helpful to the Court's analysis of this motion. In January 1994, a man named John Handy was shot to death in Chicago. Wallace, 127 S.Ct. at 1094. Two days later, around 8:00 p.m., the police detained petitioner Andre Wallace (who was 15 years old at the time), brought him to a police station, and began to question him. Id. Early the next morning, following a lengthy interrogation which lasted throughout the night, Wallace confessed to the murder. Wallace later unsuccessfully attempted to suppress his confession as the product of a false arrest, and he was convicted at trial. Id. After the initial conviction, Wallace filed multiple appeals, and the case was ultimately remanded for a new trial. Id. In lieu of a new trial, however, prosecutors dropped all charges against Wallace in April 2002, more than eight years after his 1994 arrest. Id. One year later, in April 2003, Wallace brought a § 1983 claim alleging that he had been falsely arrested in connection with the incident. Id.

The District Court granted summary judgment to the defendants on the false arrest claim, and the Seventh Circuit affirmed, finding that Wallace's suit was time-barred because his cause of action accrued at the time of his arrest in 1994, and not at the time his conviction was set aside in 2002. Wallace v. City of Chicago, 440 F.3d 421 (7th Cir. 2006). The Supreme Court granted certiorari, but "expressly limited" the grant "to the Fourth Amendment false arrest claim." Wallace, at 1094 n.1. Its ultimate holding was

---

[2] An intervening change of controlling law is considered sufficient justification for granting a motion for reconsideration. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Rebaudo v. AT&T Servs., Inc., No. 3:07 CV 396 (DJS), 2007 WL 4539533, at *1 (D. Conn. Dec. 20, 2007).

3

equally precise and limited; the Court held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 1100. The Supreme Court determined that allowing the cause of action to accrue any later would yield an anomalous result where "the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Id. at 1097. In lieu of allowing the claim to accrue indefinitely, the Supreme Court found it more desirable to force a petitioner to bring a false arrest claim within three years of arraignment (or other commencement of legal process), and to permit the district court faced with the action to stay the matter until any ongoing underlying criminal proceedings were resolved, thus eliminating the possibility of inconsistent judgments. Id.

### B. The False Arrest Claim

In this case, Jovanovic's false arrest claim falls squarely within the holding of Wallace and must be dismissed as time-barred. Both parties concede that this is so. (Def. Memo. at 4-5; Pl. Opp. at 3-4.) Jovanovic was arrested on December 5, 1996, and arraigned on December 6, 1996. According to the explicit holding of Wallace, Jovanovic's cause of action accrued at the time that he became detained "pursuant to legal process"— that is, at the time of his arraignment on December 6, 1996. Wallace, 127 S.Ct. at 1100. Therefore, in light of the three-year statute of limitations, his false arrest claim expired on December 6, 1999. The false arrest claim is hereby dismissed as time-barred.

**C. All Other § 1983 Claims**

In addition to his false arrest claim, Jovanovic also brings claims for malicious abuse of process, denial of a fair trial, and various claims against the City of New York.[3] Defendants urge that the logic of Wallace—requiring a petitioner to bring a false arrest claim before the conclusion of the underlying criminal case—controls the statute of limitations on Jovanovic's other claims, as well. This is surely a misreading of Wallace. Accepting this argument yields immunity for the Defendants on claims entirely unrelated to the false arrest, a result neither contemplated nor intended by Wallace.

The Supreme Court explained in Wallace that the petitioner was seeking an unwarranted extension of the Supreme Court's earlier decision in Heck v. Humphrey, 512 U.S. 477 (1994), by seeking to apply the Heck rule to claims of false arrest.[4] See Wallace, 127 S.Ct. 1097-99. The Court refused to grant the extension. Id. Wallace deals extensively with the Heck decision and the interaction of its holding and the false arrest claim, but Wallace clearly leaves the general rule of Heck undisturbed. Id. Wallace's determination of when a false arrest claim accrues did not alter the Heck decision in any respect with regard to other § 1983 claims. Indeed, Justice Scalia, who authored both opinions, gives no indication whatsoever that the decisions are at odds with each other; instead, he specifically distinguishes the accrual of the false arrest claim from the accrual of the claim of malicious prosecution. Wallace, 127 S.Ct. at 1096.

Defendants' argument that the logic and reasoning of Wallace subsumes the earlier decision in Heck is specious. Wallace is limited to false arrest claims. It is true that

---

[3] Jovanovic also makes a claim for malicious prosecution, but Defendants concede that the malicious prosecution claim survives this motion. Def. Memo. at 1; see also Wallace, 127 S.Ct. at 1096 ("unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process") (first emphasis added) (citation omitted).

[4] In 1994, the Supreme Court held in Heck v. Humphrey that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90.

5

Wallace refused to apply the rule of Heck to false arrest claims, but in all other respects, Heck remains undisturbed and still controls Jovanovic's other § 1983 claims. Other federal courts considering the same arguments have come to the same conclusion. See Doswell v. City of Pittsburgh, No. 07 Civ. 761 (DWA), 2007 WL 2907886, at *2 (W.D. Pa. Oct. 2, 2007) (finding that although a false arrest claim was time-barred under Wallace, the Court "reject[ed] Defendants' attempt to read Wallace so expansively as to apply [it to] the remainder of the § 1983 claims predicated upon malicious prosecution, fabrication of evidence, perjured testimony, and the like"); Cleary v. County of Macomb, No. 06 Civ. 15505 (PJD), 2007 WL 2669102, at *7-8 (E.D. Mich. Sep. 6, 2007) (holding that the plaintiff's § 1983 claims—other than claims for false arrest and false imprisonment—were not time-barred under Wallace, but rather, accrued on the date that charges were dismissed). Therefore, Jovanovic's false arrest claim is time-barred, but there is no need to change the Court's prior ruling on his remaining claims.

## CONCLUSION

Defendants' motion for reconsideration is GRANTED with respect to the false arrest claim and DENIED in all other respects. A Pretrial Conference will go forward on Thursday, March 13, 2008, at 2:15 P.M. in Courtroom 20-C. Requests for adjournments will not be considered unless the party requesting the adjournment complies with Rule 1E of Judge Crotty's Individual Practices. The Clerk of Court shall terminate this motion for reconsideration.

Dated: New York, New York
      February 7, 2008

                                            SO ORDERED

                                            _____
                                            PAUL A. CROTTY
                                            United States District Judge

Wallace refused to apply the rule of Heck to false arrest claims, but in all other respects, Heck remains undisturbed and still controls Jovanovic's other § 1983 claims. Other federal courts considering the same arguments have come to the same conclusion. See Doswell v. City of Pittsburgh, No. 07 Civ. 761 (DWA), 2007 WL 2907886, at *2 (W.D. Pa. Oct. 2, 2007) (finding that although a false arrest claim was time-barred under Wallace, the Court "reject[ed] Defendants' attempt to read Wallace so expansively as to apply [it to] the remainder of the § 1983 claims predicated upon malicious prosecution, fabrication of evidence, perjured testimony, and the like"); Cleary v. County of Macomb, No. 06 Civ. 15505 (PJD), 2007 WL 2669102, at *7-8 (E.D. Mich. Sep. 6, 2007) (holding that the plaintiff's § 1983 claims—other than claims for false arrest and false imprisonment—were not time-barred under Wallace, but rather, accrued on the date that charges were dismissed). Therefore, Jovanovic's false arrest claim is time-barred, but there is no need to change the Court's prior ruling on his remaining claims.

## CONCLUSION

Defendants' motion for reconsideration is GRANTED with respect to the false arrest claim and DENIED in all other respects. A Pretrial Conference will go forward on Thursday, March 13, 2008, at 2:15 P.M. in Courtroom 20-C. Requests for adjournments will not be considered unless the party requesting the adjournment complies with Rule 1E of Judge Crotty's Individual Practices. The Clerk of Court shall terminate this motion for reconsideration.

Dated: New York, New York
February 7, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge